1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH FAULKNER, | ) | 1:04-CV-05964-OWW-TAG |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING EX PARTE |
| v. | ) | APPLICATION FOR ORDER |
| | ) | PERMITTING PSYCHOLOGICAL |
| COUNTY OF KERN, et al, | ) | EXAMINATION |
| | ) | (Doc. 39) |
| Defendants. | ) | |

_____On December 2, 2005, Plaintiff filed an Ex Parte Application for Order Permitting the Psychological Examination of Prisoner Kenneth Faulker by Peter Russell, Ph.D.  The Application is accompanied by a Declaration of Ellen Hammill Ellison.  (Doc. 39).

An order for a psychological examination cannot issue upon an ex parte application.  The applicable rule is Fed. R. Civ. P 35(a), which sets forth the procedure for obtaining an examination of a person whose mental condition is in controversy in a case.  Rule 35(a) provides in relevant part that:

"**Order for Examination.**  When the mental . . . condition . . . of a party or of a

person in the custody or under the legal control of party, is in controversy, the court in

which the action is pending may order the party to submit to a . . . mental examination

by a suitably licensed or certified examiner or to produce for examination the person

in the party's custody or control.  *The order may be made only on motion for good*

1

1   *cause shown and upon notice to the person to be examined and to all parties and*

2   *shall specify the time, place, manner, conditions, and scope of the examination and*

3   *the person or persons by whom it is to be made."*

4   Fed. R. Civ. P. 35(a) (italics added).

5        The purpose of the notice requirement in Rule 35(a) is to provide all parties an opportunity to

6   be heard and to object.  An ex parte grant of a party's application for a mental examination, in the

7   absence of a stipulation, circumvents the notice requirement and deprives the remaining parties of an

8   opportunity to be heard and to object.  See Leichty v. Terrill Trucking Co., 53 F.R.D. 590 (E.D. Tenn

9   1971), citing Lindsey v. Escude, 179 So. 2d 505, 507 n.2 (Ct. App. La. 1965) ("in federal procedures

10  notice [and an opportunity to respond] should be given in accordance with Federal Rules 4, 5 and 6 .

11  . . for motions other than those the federal rules specify may be heard ex parte . . . . which does not

12  include a motion for medical examination").  An order for a mental examination is not granted as of

13  right.  Rather, there must be a showing of "good cause," a showing that can and may be disputed.

14  See Lindsey, supra, 179 So. 2d at 507; Fed. R. Civ. P. 35(a).

15       In this instance, Plaintiff's Ex Parte Application fails to satisfy the notice and hearing

16  requirements of this Court, and no stipulation regarding the proposed mental examination has been

17  filed or otherwise submitted.  Plaintiff neither filed a notice of motion nor noticed a hearing date.

18  See E.D. Ca. R. 37-251 ([A] hearing of a motion pursuant to Fed. R. Civ. P. 26 through 37, . . . may

19  be had by the filing of a notice of motion and motion scheduling the hearing date on the appropriate

20  calendar at least twenty-one (21) days from the date of filing.").  Plaintiff likewise failed to apply for

21  or obtain an order shortening time for a hearing on the Rule 35 motion.  See E.D. Ca. R.

22  6-144(e).   As no hearing was noticed at all, the 21-day requirement was not met.

23       Finally, Plaintiff's Ex Parte Application and Proposed Order is silent as to the precise time,

24  "manner, conditions, and scope" of the proposed psychological examination, again contrary to the

25  explicit requirements of Fed. R. Civ. P. 35(b).  See Leichty, supra, 53 F.R.D. 590.  An order for a

26  mental examination must contain not only the designation of the examiner and the date and place of

27  the examination, but must also set forth the time of the examination and the manner, conditions and

28  scope of the examination.  Plaintiff's application fails to provide sufficient information to allow the

1 Court to designate not only the time of the examination, but also the manner, conditions, and scope

2 of the examination.

3        Accordingly, Plaintiff's Ex Parte Application for Order Permitting Psychological

4 Examination (Doc. 39), is hereby DENIED.

5

6 IT IS SO ORDERED.

7 **Dated:    December 6, 2005**              **/s/ Theresa A. Goldner**
  j6eb3d                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3