UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH FAULKNER, | 1:04-cv-05964-OWW-TAG |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (Doc. 37) |
| COUNTY OF KERN, et al, | |
| Defendants. | |

**Background**

On October 3, 2005, Plaintiff noticed the depositions of three witnesses, two of whom currently are parties and one of whom is not. Those noticed were (1) Deputy Attorney General R. Todd Marshall (a defendant), (2) Deputy District Attorney John Brownlee (also a defendant), and (3) Patricia Poeschel (formerly a defendant, but not at the time of the deposition notice). (Doc. 29, Doc. 37 at Ellison Decl. at ¶ 2.) The deposition was noticed to occur at the offices of Plaintiff's counsel in Los Angeles. (Doc. 29.)

Upon receipt of the deposition notice, Deputy Attorney General Gary Binkerd sent a letter to Plaintiff's counsel on October 11, 2005, requesting alternative dates and a more convenient locale (Bakersfield). (Doc. 29 and Binkerd Decl. at ¶ 4.) Thereafter, on October 13, 2005, in what has been characterized as "an attempt to informally meet and confer," Deputy County Counsel Andrew Thompson had a telephonic conversation with Plaintiff's counsel to inquire about changing the dates and the location of the depositions to Bakersfield. (Doc. 29 and Thompson Decl. At ¶¶ 7-8.) The discussions were unsuccessful. (Doc. 29.) Thereafter, a motion for protective order and ex parte

request for an order shortening time for a hearing on the same was filed by Deputy Attorney General Binkerd.  (Doc. 29.)[1]

Upon hearing the matter by telephone on October 26, 2005, this Court denied Defendant Marshall's  request for an order shortening time, whereupon Defendant Brownlee withdrew his request for an order shortening time and counsel stipulated to allow the Court to immediately decide the underlying motion for a protective order regarding the depositions of Defendant Brownlee and non-party Poeschel. The Court denied the motion for a protective order as to Defendant Brownlee and granted the motion as to non-party Poeschel. (Docs. 31, 33).  The Court granted a protective order as to non-party Poeschel because Plaintiff  noticed her deposition to occur at a location more than 100 miles from her residence, as prohibited by Fed. R. Civ. P. 45(b)(2).  (Doc. 33.)

**Motion for Sanctions**

Plaintiff now seeks sanctions against Defendants for having filed a motion for a protective order that (1) was not preceded by the required "meet and confer," and (2) was, in part, denied.

On November 28, 2005, Plaintiff filed a Motion for Sanctions seeking "monetary sanctions to recover expenses incurred defending defendants' Ex-Parte Application to shorten time for hearing on a Motion filed by defendants requesting a protective order and for sanctions." (Doc. 36, 2:2-4). On November 28, 2005, Plaintiff also filed an amended "Motion for Order Awarding Monetary sanctions against Gary Binkard" seeking "monetary sanctions to recover expenses incurred opposing Deputy Attorney General Binkard's Ex-Parte Application to shorten time for hearing on a Motion filed by him, on behalf of his client, requesting a protective order and for sanctions." (Doc 37, 2:2-06).  The Court construes Court document number 37 to be an amended motion for sanctions filed by Plaintiff, and thus to supercede the motion for sanctions identified as Court document number 36. Although the motion itself (Doc. 37) seeks sanctions related only to the Defendant's ex parte request for an order shortening time, its accompanying  memorandum of points and authorities seeks sanctions based on both the request for an order shortening time and the underlying motion for a protective order.

---

[1] The Attorney General's motion  was subsequently joined in by counsel for proposed deponent Deputy District Attorney John Brownlee and for non-party Patricia Poeschel.  (Doc. 30.)

2

### a. Ex parte request for order shortening time.

Defendant Marshall's ex parte request sought an order shortening time for a hearing on a motion for a protective order regarding the depositions of Defendants Marshall and Brownlee and non-party Poeschel. The request for an order shortening time as to Defendant Marshall (represented by Deputy Attorney General Binkerd) was denied at the October 26, 2005 telephonic hearing on the ex parte request, when the Court found that the Defendant Marshall failed to show good cause for an order shortening time. (Doc. 31). However, at the same hearing, counsel stipulated to allow the Court to hear and decide the underlying motion for a protective order as to Defendant Brownlee and non-party Poeschel. Thus, although the request for an order shortening time was denied as to Defendant Marshall, inasmuch as Defendant Brownlee and non-party Poeschel were included in the joint request for an order shortening time, and the underlying motion for a protective order as to their depositions was decided immediately on the merits at the same hearing, two of the three deponents benefitted as though the request for an order shortening time as to them had been granted, i.e., the Court made an expedited ruling on the merits on the underlying motion for a protective order.

### b. Meet and confer.

The meet and confer requirements are set forth in Rule 37-251 of the Eastern District of California and in Fed. R. Civ. P. 26(c). Rule 37-251 states that "Counsel for all interested parties shall confer in advance of the filing of the motion [for a protective order] in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party . . . shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel." E.D. Cal. R. 37-251(b). Similarly, Fed. R. Civ. P. 26(c) requires certification that the party moving for a protective order has "in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c).

Plaintiff contends that the meet and confer requirements were not satisfied. (Doc. 37 at pp. 5-6.) The Court disagrees. In light of the distance between counsel in this case - Plaintiff's counsel is in Los Angeles and Defendants' counsel are in Sacramento and Bakersfield - as well as the late stage of these proceedings, the Court finds that the written and oral communications between counsel

on October 11 and 13, 2005, were sufficient attempts to satisfy their meet and confer obligations. See In re ATM Fee, _ F.R.D. _ , 2005 WL 3299763 (N.D. Cal. Dec. 5, 2005)(exchange of e-mails and letters satisfied the requirements of Civil Local Rule 37 to meet and confer); Lahrichi v. Lumera Corp., Slip Copy, 2005 WL 2898145 (W.D. Wash. Nov. 1, 2005)(letters, phone calls and e-mails satisfied meet and confer requirement).

   *c.   Degree of success.*

Fed. R. Civ. P.26(c) states that Rule 37(a)(4) applies to the award of expenses incurred in relation to a motion for protective order that is denied in whole or in part. Rule 37(a)(4), in turn, is divided into three parts. Part A pertains to discovery motions that were granted, Part B pertains to discovery motions that were denied, and Part C pertains to discovery motions that were granted in part and denied in part. See Fed. R. Civ. P. 37(a)(4).

Here, since Defendant's motion for a protective order was granted in part as to the deposition of Patricia Poeschel, yet denied in part as to the depositions of Deputy District Attorney John Brownlee and Deputy Attorney General R. Todd Marshall, the applicable subdivision is Fed. R. Civ. P. 37(a)(4)(C). Cardenas v. Dorel Juvenile Group, Inc., 230 F.R.D. 635, 639 (D. Kan. 2005)("Rule 37(a)(4)(c) governs the award of expenses when the motion [for protective order] is granted in part and denied in part").[2] An award of sanctions under Rule 37(a)(4)(C) is not mandated but, rather, discretionary. As the section states:

> "If the motion is granted in part and denied in part, the court may enter any protective order authorized under Rule 26(c) *and may, after affording an opportunity to be heard, apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner*."

---

[2] Plaintiff's citation to a different subdivision of Rule 37, which pertains to discovery motions granted in their entirety, is not on point. (See Doc. 37 at p. 5)(*citing* Fed. R. Civ. P. 37(a)(4)(A)).

Plaintiff also asserts violation of the notice requirement set forth in Fed. R. Civ. P. 37(a)("A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery"). (Doc. 29 at p. 5.) However, Defendants had filed a motion for a protective order under Rule 26(c) to preclude the taking of depositions. They had *not* moved, under Rule 37, to compel discovery. As to protective order motions that are denied (whether in whole or in part), Rule 26(c) does not incorporate Rule 37(a), with its notice requirement, but only Rule 37(a)(4)(C) vis-a-vis sanctions. See Fed. R. Civ.26(c)("The provisions of Rule 37(a)(4) apply to the award of expenses incurred in relation to the motion"). This makes sense since the two Rules have different preliminary requirements: Rule 26(c) has a meet and confer requirement, while Rule 37 has a notice obligation.

Fed. R. Civ. P. 37(a)(4)(C)(emphasis added). See Cardenas, 230 F.R.D. at 639 (declining to award sanctions under Rule 37(a)(4)(C) as neither appropriate nor just in the case at hand).

Here, all counsel erred in some measure, and refused to acknowledge or correct their errors without judicial intervention. Neither Plaintiff's counsel nor Defendant Marshall's counsel fully complied with the applicable rules, and neither Plaintiff's counsel nor Defendants' counsel fully prevailed in their requests for relief from the Court. Plaintiff's counsel improperly noticed the place for a non-party deposition, and Defendants' counsel sought an unwarranted order shortening time as to at least one party, and a protective order to preclude a properly noticed deposition of another party. The Court did not rule on the motion for a protective order as to Defendant Marshall - the Court simply denied his ex parte request for a protective order - and it appears that no noticed motion seeking a protective order as to his deposition was subsequently filed. The level of communication and willingness to conciliate between all counsel was far from exemplary up to October 26, 2005; however, at the hearing on the instant motion for sanctions counsel reported that they were ultimately able to work out the details of Defendant Marshall's deposition. After giving due consideration to the totality of the circumstances regarding the subject discovery dispute, the Court finds that an award of sanctions is neither appropriate nor just.

Accordingly, Plaintiff's Motion for Sanctions (Doc. 37) is hereby DENIED. Each party shall bear their own attorney's fees and expenses incurred in connection with the underlying request for an order shortening time and accompanying motion for a protective order (Doc. 29) and the motion for sanctions.

IT IS SO ORDERED.

Dated:   **January 17, 2006**                              **/s/ Theresa A. Goldner**
**j6eb3d**                                              UNITED STATES MAGISTRATE JUDGE