# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH FAULKNER, ) | 1:04-cv-05964-OWW-TAG |
| Plaintiff, ) | |
| v. ) | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEPOSITION OR WRITTEN RESPONSES IN LIEU THEREOF AND FURTHER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS (DOC. 57) |
| COUNTY OF KERN, et al, ) | |
| Defendants. ) | |

## **Background**

Plaintiff's complaint asserts civil rights violations arising out various defendants' alleged use of perjured testimony to obtain his conviction, and alleged concealment of exculpatory evidence from plaintiff. (Doc. 12). One of these named defendants is Bill Lockyer, the Attorney General of the State of California ("Defendant Lockyer"). (Docs. 1, 12 and 17). Although Defendant Lockyer was dismissed without prejudice on October 20, 2004 (Doc. 11), he was named again as a defendant in a first amended complaint filed on November 10, 2004. (Doc. 12). Defendant Lockyer has been a defendant in this case since that time.

On December 13, 2005, more than a year after Defendant Lockyer was named in Plaintiff's first amended complaint, and 17 days before the December 30, 2005 discovery cut-off in this case (Doc. 17), Plaintiff for the first time attempted to notice the deposition of Defendant Lockyer. (Doc. 57, Exh. A, pp. 12-15). The deposition was noticed to occur 10 days later, on Friday, December 23, 2005. (Doc. 57, Exh. A, p. 14).

A "proof of service" attached to the notice of Defendant Lockyer's deposition states that it was sent to Gary Binkerd, the attorney for Defendant Lockyer, by "fax." (Doc. 57, Exh. A, p. 15). Other service options on the proof of service form, such as delivery by mail or by hand delivery were, respectively, either left blank or crossed out. (Id.)

1

**Scheduling Conference Order**

Pursuant to Fed. R. Civ. P. 16, district courts enter pretrial scheduling orders to establish various case management deadlines, including deadlines "to file motions" and "to complete discovery." Fed. R. Civ. P. 16(b). Scheduling orders "are at the heart of case management." Koplve v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986). A schedule "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Id. (emphasis added). The scheduling order "shall control the subsequent course of the action unless modified by a subsequent order." Fed. R. Civ. P. 16(e).

In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992), the Ninth Circuit stated:

> "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' [citation omitted] The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [a case]. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."

Johnson, 975 F.2d at 610.

Consistent with Johnson, many courts both within and outside of the Ninth Circuit routinely deny motions filed after the cut-off dates established by scheduling conference orders. See, e.g., Dedge v. Kendrick, 849 F.2d 1398, 1398 (11th Cir. 1988)(summary judgment motion properly denied as untimely when filed 38 days after scheduled cut-off date for dispositive motions); Goodworth Holdings, Inc. v. Suh, 239 F. Supp. 2d 947, 966 (N.D. Cal. 2002)(where discovery cut-off date was August 2, 2002, the district court on August 28, 2002, denied a motion to compel discovery as untimely); Sequoia Property v. United States, 203 F.R.D. 447, 449-50 (E.D. Ca. 2001)(where scheduling order stated that discovery and discovery motions "shall be completed or heard no later than February 2, 2001," and where a motion to compel was filed 10 days before the cut-off but a hearing was not set until 21 days after the cut-off, motion to compel was denied); Makin v. Hawaii, 114 F. Supp. 2d 1017, 1029 (denying cross-motion for summary judgment that was filed 3 days after scheduling order cut-off date). Cf. Material Supply Int'l, Inc. v. Sunmatch Industrial Co., 146 F.3d 983, 992 (D.C. Cir. 1998)(where scheduling order stated that the parties had to complete all

discovery by April 1, that dispositive motions were due by May 1 and that "all other motions" were due by September 11, and where a motion to compel discovery was filed on September 11, the district court was "well within its discretion" to interpret its order as requiring a motion to compel to be made by the earlier discovery deadline, and not the later motions deadline).

The Honorable Oliver W. Wanger, United States District Court Judge, issued a scheduling order in the instant case on December 19, 2004, filed on December 20, 2004 (the "Scheduling Conference Order"). (Doc. 17). Section X, Paragraph 1 of the Scheduling Conference Order provides as follows:

> "All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before January 15, 2006 . . . ."
> (Doc. 17 at p. 6).[1]

Plaintiff failed to comply with the Scheduling Conference Order. Plaintiff's indifference to the Scheduling Conference Order and the deadlines imposed therein is apparent on many levels. First, Plaintiff's motion to compel was signed and filed on January 17, 2006 (Doc. 57), in violation of the Court's Scheduling Conference Order, and without any suggestion that there might be "good cause" for doing so, as is required by Fed. R. Civ. P. 16(b). The "good cause" standard of Rule 16(b) primarily concerns the diligence of the party seeking to amend a scheduling order. The Court may modify the pretrial schedule, including the motion filing deadline, "'if it cannot reasonably be met despite the diligence of the party seeking the extension.' . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief . . . ." Johnson, 975 F.2d at 610 (citations omitted). Here, Plaintiff has neither requested modification of the Scheduling Conference Order nor made any showing of diligence under Rule 16's "good cause" standard.

Second, the motion to compel concerns a deposition of the highest ranking lawyer in the State of California - the Attorney General - that was not noticed until December 13, 2005, just 17 days before the discovery cut-off and on at most 7 days' notice (if deemed mailed)[2], with a proof of

---

[1] The Scheduling Conference Order was modified on December 21, 2005, to allow defendant County of Kern to take the deposition of Plaintiff's expert, Dr. Russell, at a time convenient to the parties after the Court's ruling on motions for summary judgment but before trial. (Doc. 51). No other discovery provisions of the Scheduling Conference Order were modified.

[2] Fed. R. Civ. P. 6(e) adds 3 days for service by mail.

3

service that - on its face - defectively specified delivery by "fax."³ (Doc. 57, Exh. A, pp. 14-15).

Third, Defendant Lockyer has been, as noted, a defendant in this case for well over a year. Plaintiff had more than ample time, within the parameters of the Scheduling Conference Order, to seek to obtain from him the discovery Plaintiff now wants. As Plaintiff is well aware, Attorney General Lockyer is a high ranking government official to which special and unique considerations apply in assessing whether and how to proceed with discovery. See Kyle Engineering Co. v. Kleppe, 600 F.2d 226, 231 (9th Cir. 1979).

In sum, Plaintiff had well over a year to attempt to obtain the discovery now requested from Defendant Lockyer. For more than a year, Plaintiff did nothing. Then, just days before the discovery cut-off, Plaintiff decided to demand that Defendant Lockyer appear on either 10 days' notice (assuming the deposition notice was faxed, albeit defectively) or 7 days' notice (assuming the deposition notice was mailed as counsel has declared contrary to the proof of service itself, see Doc. 57, p. 10). When Attorney General Lockyer predictably objected to a deposition with such short notice, along with his objections to Plaintiff's very right to take the deposition, the combination of last-minute activities apparently proved to much: Plaintiff's last ditch motion to compel was filed beyond the explicit cut-off date set by this Court. Even had Plaintiff raised the issue - which he did not - "good cause" for an end-run around Rule 16 simply cannot be found under these circumstances.

**Orders**

Based on the forgoing, the Court makes the following ORDERS:

1. Plaintiff's Motion to Compel Either Deposition or Written Responses in Lieu Thereof (Doc. 57) is DENIED.
2. Plaintiff's Request for Sanctions (Doc. 57) is DENIED.

IT IS SO ORDERED.

Dated:   **February 21, 2006**                              **/s/ Theresa A. Goldner**
**j6eb3d**                                                   UNITED STATES MAGISTRATE JUDGE

---

³ Service by facsimile is invalid under Fed. R. Civ. P. 5(b)(2)(D) absent written consent.